# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IAN WRIGHT, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:17cv1530 (MPS) |
| | : | |
| SCOTT SEMPLE, et al., | : | |
|     Defendants. | : | March 15, 2018 |

## **RULING AND ORDER**

The plaintiff, Ian Wright, sought to proceed *in forma pauperis* in this case. The Court determined that the plaintiff had not truthfully answered the questions on the application to proceed *in forma pauperis* and afforded him two opportunities to file a truthful application. Specifically, the plaintiff repeatedly stated that he had received no money from any source in the past twelve months, s*ee, e.g.*, ECF No. 13 at 2, ¶6, despite the fact that his inmate trust account statement showed multiple deposits. *See, e.g.*, ECF No. 13 at 7-8. When the plaintiff persisted in filing applications containing false statements, and neither acknowledged nor explained why he made false statements under penalty of perjury, the Court denied his application and dismissed the case. ECF No. 15.

Since the entry of the order dismissing the case, the plaintiff has filed a motion to alter or amend and/or motion for reconsideration, a declaration to demonstrate good cause, a motion for relief from judgment, a fourth motion to proceed *in forma pauperis*, a "demonstration of good cause," and a motion to reopen this case.

In his motion for reconsideration, the plaintiff states that upon issuance of the prior rulings he received the Notice of Electronic Filing (NEF), but not the actual decision. The Prisoner Electronic Filing Program rules provide that, upon the filing of an order by the Court, the NEF is sent to the prison where it is printed by prison officials and given to the inmate. The Court also

mails a copy of the order to the inmate, *see* CTAO-16-21 Standing Order on Prisoner Electronic Filing Program (Updated), www.ctd.uscourts.gov/district-connecticut-public-administrative-orders (last visited March 7, 2018), and did so in this case. (1/30/2018 Staff Notes.) The plaintiff nonetheless states in his motion to reopen that he did not receive a copy of the order by mail, although he did receive a copy of the Court's order dismissing the case, which was mailed to the same address. He did not contact the Court to determine what the ruling said or to request another copy.

Even absent a copy of the ruling, the NEF for the most recent order—which the plaintiff admits receiving—specifically stated that the plaintiff could file a third application, directed him to answer all questions truthfully, and ordered him to demonstrate good cause for failing to do so on the prior applications. ECF No. 11. The plaintiff was on notice that he had not answered all questions truthfully and was being given another chance to submit a truthful application and explain why he had not done so previously. The application asked for the total amount received from any sources. The plaintiff knew that he received deposits to his account. Under the circumstances, the Court concludes that the plaintiff had sufficient notice and knowledge to discern the error in his application.

The plaintiff also claims that he cannot be held responsible because his counselor refused to provide him with information about deposits to his inmate account and told him he could indicate zero on the form. The plaintiff refers the Court to *Bell v. Kay*, 847 F.3d 866 (7th Cir. 2017), in support of this argument. In that case, the Seventh Circuit held that the district court acted unreasonably in denying the plaintiff's application to proceed *in forma pauperis* because it failed to determine whether the plaintiff was at fault for failing to provide his inmate account statement. *Id.* at 868. *Bell* is not applicable here.

First, as the District of Connecticut is not in the Seventh Circuit, the decision is not binding precedent. Second, even if the Court were persuaded by the holding, the case is distinguishable because it is readily ascertainable from the record in this case that correctional officials were not responsible for the false statements. The plaintiff did not need any additional information from the counselor to complete the form. He had a copy of his inmate account statement for the preceding six months that showed all deposits during the period. The plaintiff could have totaled the amounts and written the total on the form.[1] In any event, it was apparent, even from the information submitted to the Court, that the truthful answer to the question about money received from other sources was not "zero," which was the plaintiff's answer. Thus, the plaintiff's failure to respond truthfully is attributed solely to him, not to any correctional official. Nor does the Court accept the notion that a purported direction from the counselor is a justification for including false statements. The application asked for the total amount received from any sources. The plaintiff knew that he received deposits to his account. It strains credulity to assume that a person could knowingly put false information on a form yet believe that he had answered all questions truthfully.

Finally, the plaintiff states that he was permitted to proceed *in forma pauperis* in two other cases where his application was completed in the same way. *See Wright v. Malloy, et al.*, No. 3:16-cv-1179 (SRU); *Wright v. Bibens, et al.*, No. 3:17-cv-1917 (MPS). That the Court may not have identified the false statement in other applications does not alter the fact that the statement was false and that, when twice informed of this fact, the plaintiff was required to correct the false statement.

The plaintiff submitted three applications containing false statements, two after being

---

[1] The Court notes that the form asks for information for the past twelve months, while the inmate is required to submit a copy of his inmate account statement for only the prior six months. If his counselor was unwilling to provide a copy of his statement for the prior twelve months, the plaintiff could have included the amount for the prior six months on the form and indicated that he was unable to obtain information on the six months before that.

informed of the error. He has not demonstrated good cause for including the false statement or failing to correct the error. Accordingly, the plaintiff's Motion to Alter or Amend and/or Motion for Reconsideration [**ECF No. 16**], Motion for Relief from Judgment [**ECF No. 18**], and Motion to Reopen Case [**ECF No. 21**] are **DENIED**. The plaintiff's fourth Application for Leave to Proceed *in Forma Pauperis* [**ECF No. 19**] is **DENIED** as moot.

If the plaintiff wishes to pursue the claims in this case, he may file a new case with a truthful application to proceed *in forma pauperis*.

It is so ordered.

Signed this 15th day of March, 2018, at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge